IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALDAV ASSOCIATES, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:02-CV-2697-P |
| | § | |
| AVRAM LEBOR, MARTIN EPSTEIN, | § | |
| WAYNE SCHAFFNER, | § | |
| and MKD CAPITAL CORP., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Plaintiff's Motion for Summary Judgment against Defendant Avram Lebor ("Lebor"), filed May 31, 2005.[1] After a thorough review of the evidence, the parties' briefs, and the applicable law, the Court GRANTS Plaintiff's Motion for Summary Judgment.

**I.   Background**

This is an action brought by Plaintiff Daldav Associates, L.P. ("Daldav" or "Plaintiff") consisting of claims for fraud, negligent misrepresentation, and attorneys' fees against Defendants Avram Lebor ("Lebor"), Martin Epstein ("Epstein"), Wayne Schaffner ("Schaffner"), and MKD Capital Corp. ("MKD") (collectively "Defendants"). (Pl.'s Second Am. Compl. at 7-16, 18.) Plaintiff also brings a breach of contract claim specific to MKD and a negligence claim specific to Epstein. *Id.* at 17. These claims stem from a scheme perpetrated by Defendants in which the Defendants purported to be able to raise billions of dollars in financing for real estate and development projects. (Pl.'s Mot. for Summ. J. at 2.)

According to Plaintiff, Lebor represented that MKD could provide necessary financing

---

[1] Lebor has not timely filed a Response.

through the use of credit enhancements to be issued by Allianz, General Re and Swiss Re, Swiss insurance companies, and mortgage-backed instruments to be issued by Seattle-Northwest Securities Corporation. (Pl.'s Second Am. Compl. at 4.) Lebor also represented that MKD had all necessary funds to meet its financing commitments. *Id.* MKD, Lebor, and Epstein conditioned the commitment to obtain development financing on the prospective applicants' agreement to make a "fully refundable application deposit" to MKD, as well as a "retainer fee" to be paid to Epstein. *Id.* Plaintiff and MKD entered into an agreement in accordance with these terms on September 28, 2001. *Id.*

From 1999 to 2001, MKD allegedly issued commitment letters to at least 74 developers to obtain funding of more than $2.5 billion. *Id.* In connection with these commitments, MKD received "fully refundable application deposits" totaling approximately $11 million, and Epstein received corresponding retainers in excess of $500,000. *Id.* at 5. Plaintiff's financing agreement with Defendants resulted in payments totaling $346,750.00 to MKD and Epstein. *Id.*

In actuality, MKD was not able to provide the promised financing, and the Defendants allegedly diverted the deposits and retainers for their own benefit. *Id.* Despite this inability to provide financing, Plaintiff claims that Defendants reassured Plaintiff and others almost daily that the funding of the loans was imminent. *Id.* In reliance on the funding commitments and subsequent reassurances, Plaintiff claims to have incurred substantial damages including the $346,750.00 paid to MKD and Epstein, as well as monies paid to architects, engineers, attorneys, appraisers, surveyors, title companies, insurance companies, and contract vendors. *Id.* Additionally, Plaintiff claims that it had to forego opportunities which could not be undertaken while the MKD financing was pending. *Id.*

Plaintiff now moves the Court for summary judgment against Lebor. In doing so, Plaintiff prays for damages in the amount of $346,750.00, court costs, and pre- and post- judgment interest as allowed by law. (Pl.'s Mot. for Summ. J. at 4-5.) Lebor has not responded to Plaintiff's motion and expresses no interest in further defending himself in this civil suit. (*See* Atty. Chafin's Mot. to Withdraw at 1.)

## II.   Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett.*, 477 U.S. 317, 323 (1986). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such an absence. *Id.* at 323. When the moving party bears the burden of proof on a matter, "[it] must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis original). Summary judgment must be denied if a genuine issue of material fact remains in spite of the evidence traduced by the moving party.

The nonmoving party may but need not present evidence casting doubt on the sufficiency of the moving party's proof. All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the nonmovant fails to provide a response identifying the disputed issues of fact, however, the Court is entitled to accept the movant's description of the

undisputed facts as *prima facie* evidence of its entitlement to judgment. *Eversly v. Mbank Dallas*, 843 F.2d 172, 173-174 (5th Cir. 1999); *Nordar Holdings, Inc. v. Western Sec. (USA) Ltd.*, No. 3:96-CV-0427-H, 1996 WL 739019, *2 (N.D. Tex. Dec. 18, 1996). The Court has no duty to search the record for triable issues. *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).

## III.   Discussion

Plaintiff moves for summary judgment against Lebor on its fraud and negligent misrepresentation claims. Lebor has not provided a timely Response or otherwise disputed the allegations advanced by Plaintiff. As a result, the Court will accept Plaintiff's version of the undisputed facts as *prima facie* evidence of its entitlement to summary judgment on the causes of action discussed below.

### A.   Fraud

The elements for actionable fraud under Texas law are: (1) a material representation was made; (2) it was false when made; (3) the speaker knew it was false, or made it recklessly without knowledge of its truth and as a positive assertion; (4) the speaker made it with the intent that it should be acted upon; and (5) the party acted in reliance and suffered injury as a result. *Beijing Metals & Minerals Import/Export Corp. v. Am. Bus. Center, Inc.*, 993 F.2d 1178, 1185 (5th Cir. 1993); *see also Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1997). A promise to do something in the future constitutes fraud only if the promise is made with no intention of performing at the time it was made. *U.S. Quest Ltd. v. Kimmons*, 228 F.3d 399, 403 (5th Cir. 2000) (citing *Formosa*, 960 S.W.2d at 47). A "mere failure to perform a contract is not evidence of fraud." *Id.*

In the instant case, the Court finds summary judgment proper with regard to the fraud claim

against Lebor. Concerning the first element listed above, the undisputed facts in Plaintiff's Motion and the affidavit of J. Carter Witt, III ("Witt") both clearly show that Lebor represented he had the ability to secure financing for development projects. Such a representation is material under the circumstances of this case, in which Plaintiff delivered payments to Lebor on the basis of this representation.

Plaintiff has also satisfied the second, third, and fourth elements of its fraud claim against Lebor. Concerning the second element, Lebor's representation that he could provide the development financing is clearly false, as he "had no ability to fund or deliver the promised financing." (Pl.'s Mot. for Summ. J. at 3.) Regarding the third element, Lebor knew his representations were false because "Lebor and MKD had no ability or *intention* to provide the promised project financing to the Plaintiff and had similarly defrauded numerous other parties that sought funding from MKD." (Aff. of J Carter Witt, III at 2 (emphasis added).) Furthermore, Lebor clearly intended that Plaintiff should act on the representation, as Lebor was offering to fill Plaintiff's need for development financing.

The summary judgment evidence also shows that there is no genuine fact issue regarding Plaintiff's reliance on Lebor's representations or Plaintiff's resulting injury. Plaintiff's evidence is straightforward on this matter, stating that Plaintiff relied on the "fraudulent misrepresentations" by Lebor. *Id.* Additionally, Plaintiff relied on Lebor's assurances that "the promised funding was imminent." (*See* Pl.'s Mot. for Summ. J. at 3.) As a result of this detrimental reliance, Plaintiff has suffered damages of $346,750.00 from the loss of the "fully refundable application deposits" and fees paid to Lebor and others. *Id.* at 2-3. The fifth and final element of Plaintiff's fraud claim is thus satisfied.

B.  **Negligent Misrepresentation**

To establish a cause of action for negligent misrepresentation, Plaintiff must prove the following elements: (1) the representation was made in the course of Lebor's business; (2) false information was supplied for the guidance of others in their business; (3) Lebor did not exercise reasonable care or competence in obtaining or communicating the information; and (4) Plaintiff suffered pecuniary loss by justifiably relying on the representation.  *See Dallas Firefighters Ass'n v. Booth Research Group, Inc.*, 156 S.W.3d 188, 194 (Tex. App.–Dallas 2005); *Airborne Freight Corp. v. C.R. Lee Enters.*, 847 S.W.2d 289 (Tex. App.–El Paso 1993, writ denied).

The summary judgment evidence clearly shows that there is no issue of material fact concerning Plaintiff's negligent misrepresentation cause of action, and as a result, Plaintiff is entitled to summary judgment on this issue as a matter of law.

First, the representation by Lebor, that he could secure financing for development projects, was undoubtedly made in the course of Lebor's business, as Lebor stated that "he, through his company MKD Capital Corp., could and would provide loans and other forms of refinancing for Plaintiff's commercial real estate development projects." (Pl.'s Mot. for Summ. J. at 3.)  Second, Lebor provided false information (that he was capable of providing financing) to Plaintiff which Plaintiff used to make business decisions - namely, the decisions to invest in certain projects.  Third, Lebor certainly failed to use reasonable care when he communicated his false information to Plaintiff, as he knew the falsity of such information.  (*See* Aff. of J Carter Witt, III at 2.)  And Fourth, Plaintiff suffered the loss of the fully refundable application deposits and fees, in the amount of $346,750.00, by justifiably relying on Lebor's representations and continued assurances. Therefore, Plaintiff has satisfied each element required for a claim of negligent misrepresentation.

## IV.   Conclusion

For the reasons stated herein, the Court GRANTS Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Signed this 4th day of August 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE